(No. 76-CV-1557

IN RE APPLICATION OF LYNN REED

*Opinion filed March 16, 1978.*

PER CURIAM.

This claim arises out of an incident that occurred on May 25, 1975. Lynn Reed, wife of Odice Reed, deceased victim, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," hereafter referred to as the Act, (Ill. Rev. Stat., ch. 70, sec. 71, *et seq.*).

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and a report of the Attorney General of the State of Ilinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the Claimant's deceased husband, Odice Reed, age 28, was a victim of a violent crime as defined in §2 (c) of the Act, to wit: Murder (Ill. Rev. Stat., ch. 38, sec. 9-1.).

2. On May 25, 1975 the victim received several gunshot wounds. He was found lying in the front seat of his car parked in the alley at 6814 South Throop, Chicago, Illinois. The victim was taken to St. Bernards Hospital where he was pronounced dead on arrival.

3. That this claim complies with all pertinent provisions of the Act.

4. That the Claimant seeks compensation under the Act for funeral expenses and for loss of support.

5. That funeral and burial expenses were paid by the Claimant in the amount of $3950.00 of which $2000.00 is deemed compensable.

6. The Claimant, Lynn Reed, and her three minor children, Vonnie - age seven, Odis - age eight, and Lionell - age ten, were totally dependent upon the victim for support.

7. That section 4 of the Act states " . . . loss of support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less."

8. That prior to his death, the victim was employed by Young, Spring and Wire and his average monthly earnings prior to his death were $682.89.

9. That the victim was 28 years of age at the time of the crime, therefore his work expectancy would have been 37 years. The projected loss of earnings for 37

years is in excess of $10,000.00 which is the maximum amount compensable under section 7(e) of the Act.

10. That sec. 7(d) of the Act provides for deduction of $200.00 plus the amount of benefits, payments or awards payable under the "Workmen's Compensation Act," Ill. Rev. Stat., ch. 48, sec. 138.1, *et seq.)*, from any other source except annuities, pension plans, Federal Social Security benefits and the net proceeds of the first $25,000.00 of life insurance paid or payable to the Claimant.

11. That after making all the applicable deductions under the Act, the Claimant's loss is in excess of the $10,000.00 maximum award allowed in sec. 7(e) of the Act.

12. The Claimant's interest would be best served if the award hereunder would be paid to her pursuant to the alternative provisions of sec. 8 of the Act.

It is therefore, hereby ordered that the sum of $10,000.00 be and is hereby awarded to Lynn Reed, wife of Odice Reed, an innocent victim of a violent crime to be paid and disbursed to her as follows:

(a) Two thousand dollars in a lump sum within 30 days of the filing date herein.

(b) Sixteen equal monthly payments of $500.00 each with the first of said payments to be paid within 60 days of the filing date herein to paid; to Lynn Reed for the benefit and support of herself and her three minor children, Vonnie Reed, Lionell Reed, and Odis Reed.